| | |
|---|---|
| **JOHNNA BURDS and JOSHUA SMITH,** **Plaintiffs** | **CIVIL ACTION NO.** |
| | **SECTION:** |
| **VERSUS** | **JUDGE** |
| **JAVIER FLORES, JAVIER FLORES TRANSPORTATION, LLC, SOUTHERN COUNTY MUTUAL INSURANCE COMPANY, NORTHLAND INSURANCE COMPANY, ANTHONY HOOKFIN, and SAFEWAY INSURANCE COMPANY OF LOUISIANA,** **Defendants** | **MAGISTRATE** |

<u>**NOTICE OF REMOVAL**</u>

**NOW INTO COURT**, through undersigned counsel, come defendants, Javier Flores, Javier Flores Transportation, LLC, and Southern County Mutual Insurance Company, and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby remove to this Honorable Court the civil action filed by plaintiffs, Johnna Burds and Joshua Smith, and cross-plaintiff, Anthony Hookfin (collectively "plaintiffs'"), in the Civil District Court for the Parish of Orleans, State of Louisiana (civil suit number 2018-6992). In support of this Removal, defendants respectfully submit the following:

**1.**

On or about July 17, 2018, Burds and Smith filed a Petition for Damages in the Civil District Court for the Parish of Orleans, State of Louisiana (hereinafter the "Petition"), asserting causes of action against Flores, Javier Flores Transportation, Southern County

Mutual, Anthony Hookfin, Safeway Insurance Company of Louisiana, and Northland Insurance Company. A copy of the Petition is attached hereto as **Exhibit A-1**.

**2.**

On July 25, 2018, Anthony Hookfin filed a Cross-Claim against Flores, Javier Flores Transportation, Southern County Mutual, and Northland Insurance Company. A copy of the Cross-Claim is attached hereto as **Exhibit A-8**.

**3.**

On August 24, 2018, the district court signed an Order of Voluntary Dismissal dismissing Burds' and Smith's claims against Northland Insurance Company, without prejudice. A copy of the executed Order is attached hereto as **Exhibit A-14**.

**4.**

On September 17, 2018, the district court signed an Order of Voluntary Dismissal dismissing Hookfin's claims against Northland Insurance Company, without prejudice. A copy of the executed Order is attached hereto as **Exhibit A-19**.

**5.**

Defendants subsequently filed an Answer to plaintiffs' Petition for Damages on or around August 30, 2018. A copy of the Answer to plaintiffs' Petition for Damages is attached hereto as **Exhibit A-16**.

**6.**

Defendants also filed an Answer to Hookfin's Cross-Claim on August 30, 2018. A copy of the Answer to the Cross-Claim is attached hereto as **Exhibit A-15**.

**7.**

On August 2, 2018, Safeway Insurance Company filed an Answer to the Petition for Damages. A copy of Safeway's Answer to plaintiffs' Petition for Damages is attached hereto as **Exhibit A-13**.

**8.**

The depositions of Burds, Smith, and Hookfin were taken on December 4, 2018. Copies of the Notices of Deposition are attached hereto as **Exhibit B (*in globo*)**.

**9.**

Following the depositions, Burds and Smith agreed to dismiss their claims against Hookfin and Safeway Insurance Company. The Motion and Order of Partial Dismissal filed on behalf of Burds and Smith was filed on January 18, 2019.  A copy of the Motion and Order of Partial Dismissal is attached hereto as **Exhibit A-36**.

**10.**

On January 31, 2019, district court judge Ellen Hazeur of the Civil District Court for the Parish of Orleans executed an Order granting the voluntary dismissal of Burds' and Smith's claims against Hookfin and Safeway Insurance Company, with prejudice.  A copy of the executed Order of Dismissal is attached hereto as **Exhibit A-36**.

**11.**

Defendants have filed this Notice of Removal within 30 days of receipt of the executed Order dismissing the claims asserted against Hookfin and Safeway as required by 28 U.S.C. § 1446(b)(3), which provides that "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended

pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Although this matter was not removable at the time plaintiffs filed their original Petition, the case subsequently became removable upon plaintiffs' voluntary dismissal of their claims against the only non-diverse defendant, Hookfin, on January 31, 2019. This Notice of Removal also is filed less than one year after plaintiffs filed their original Petition for Damages on July 17, 2018. Therefore, this removal is timely pursuant to 28 U.S.C. § 1446(c)(1).

**12.**

"Where plaintiff, by his voluntary act has definitely indicated his intention to discontinue the action as to the non-diverse defendant, plaintiff has indicated that he no longer desires to dictate the forum and the case then becomes removable under 28 U.S.C. § 1446(b)." *Erdey v. Am. Honda Co.*, 96 FRD 593 (M.D. La.), *on reconsideration in part*, 558 F.Supp. 105 (M.D. La. 1983). *See also Jones v. Celotex Corp.*, No. Civ. A. 85-0491, 1989 WL 8830 (E.D. La. Feb. 1, 1989), *aff'd*, 887 F.2d 1084 (5th Cir. 1989); *Aydelle v. Sterns*, 677 F.Supp. 877 (M.D. La. 1988).

**13.**

Venue is proper in this judicial district and division under 28 U.S.C. § 1441(a). The venue of a removed case is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Attached hereto as **Exhibit A (*in globo*)** are the documents filed into the record of the Civil District Court for the Parish of Orleans, State of Louisiana, in accordance with 28 U.S.C. § 1446(a). Defendants will timely comply with L.R. 3.2 and 28 U.S.C. § 1447(b).

**14.**

Plaintiffs' lawsuit is a civil action alleging damages from a motor vehicle accident between two vehicles, the first operated by Hookfin and occupied by Burds and Smith, and the other by defendant, Javier Flores. The accident occurred in New Orleans, Louisiana on August 8, 2017.  (**Exhibit A**, ¶ 11.)  Plaintiffs allege that as a result of the accident, they sustained injuries to their backs and necks.  (**Exhibit A-1**, ¶¶ 22 and 25, **Exhibit A-8**, ¶5.) Plaintiffs seek damages for past, present, and future mental pain and suffering, physical pain and suffering, medical expenses, loss of enjoyment of life, lost wages, and lost earning capacity.  (**Exhibit A-1**, ¶¶ 24 and 27, **Exhibit A-8**, ¶2.)

**15.**

Plaintiffs allege that the motor vehicle accident was caused by the negligence of Javier Flores and that at the time of the accident, Flores was operating a truck with the permission and consent of its owner, Javier Flores Transportation, LLC while in the course and scope of his employment with Javier Flores Transportation.  (**Exhibit A-1**, ¶¶ 18, 19, **Exhibit A-8**, ¶8.)  Plaintiffs further allege that Javier Flores Transportation's insurer, Southern County Mutual Insurance Company, is liable for the negligence of Flores. (**Exhibit A-1**, ¶ 20, **Exhibit A-8**, ¶8.)  None of the remaining defendants in this matter are residents of Louisiana.

**16.**

This civil action involves a controversy between citizens of different states. Plaintiffs, Burds, Smith, and Hookfin, are citizens of Louisiana.  In further support of plaintiffs' citizenship, Burds and Smith maintain Louisiana identification cards and are

domiciled in Orleans Parish and Jefferson Parish, respectively. (See copy of plaintiffs' identification cards (with personal information redacted), attached hereto as **Exhibit C** (Burds) and **Exhibit D** (Smith).) Hookfin maintains a Louisiana driver's license and is domiciled in Orleans Parish. (See copy of Hookfin's driver's license (with personal information redacted), attached hereto as **Exhibit E**.)

**17.**

Plaintiffs allege that defendant, Javier Flores, is an adult resident and domiciliary of the County of Hidalgo, State of Texas. (**Exhibit A-1**, ¶ 3, **Exhibit A-8**, ¶1.) Defendant, Javier Flores, appearing herein through undersigned counsel, confirms that he is a resident and domiciliary of Texas. In accordance with 28 U.S.C. § 1332(c)(1), and for the purposes of removal under 28 U.S.C. §§ 1332 and 1441, Javier Flores is a resident and citizen of the State of Texas.

**18.**

Defendant, Southern County Mutual Insurance Company, is alleged to be a foreign insurance company. (**Exhibit A-1**, ¶ 3, **Exhibit A-8**, ¶1.) Southern County Mutual Insurance Company, appearing herein through undersigned counsel, confirms that it is a foreign insurer with its principal place of business in Dallas, Texas. In accordance with 20 U.S.C. § 1332 (c)(1), and for the purposes of removal under 28 U.S.C. §§ 1332 and 1441, Southern County Mutual Insurance Company is a resident and citizen of the State of Texas, where it is incorporated and maintains it principal place of business. See *Hertz Corp. v. Friend*, 559 U.S. 77, 82, 130 S.Ct. 1181, 1887, 175 L.Ed. 2d 1029 (2010).

**19.**

Defendant, Javier Flores Transportation, LLC, is alleged to be a foreign company. (**Exhibit A-1**, ¶ 3, **Exhibit A-8**, ¶1.) Javier Flores Transportation, LLC, appearing herein through undersigned counsel, confirms that it is a Texas limited liability company existing under the laws of the State of Texas, with its principal place of business located in Alton, Texas. Javier Flores is the only member of Javier Flores Transportation, LLC. Consequently, Javier Flores Transportation, LLC is deemed to be a citizen of the State of Texas for purposes of 28 U.S.C. § 1332(a)(1). No member of Javier Flores Transportation is domiciled in Louisiana. Thus, there is complete diversity of citizenship between Javier Flores Transportation, LLC and plaintiffs.

**20.**

In accordance with 28 U.S.C. § 1332(a), the amount in controversy must exceed $75,000.00, exclusive of interest and costs, for jurisdiction based upon complete diversity of citizenship.

**21.**

The Petition is silent regarding the specific amount in controversy. However, plaintiffs allege that defendants are responsible for "serious" personal and bodily injuries including injuries to their necks and backs, requiring continuing medical care and treatment. Plaintiffs also allege that they sustained past, present, and future mental pain and suffering, physical pain and suffering, medical expenses, loss of enjoyment of life, lost wages, and lost earning capacity as a result of the accident.

**22.**

Although the Petition is silent as to the amount in controversy, the lack of specific monetary damage alleged in the Petition does not end the inquiry into the amount in controversy. If a plaintiff has alleged an indeterminant amount of damages, the U.S. Fifth Circuit Court of Appeals requires that a removing defendant prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 882 (5th Cir. 2000); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *see also Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). A defendant may either show that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or it must set forth the facts in dispute for a finding that the jurisdictional amount is satisfied. *Gebbia*, 233 F.3d at 882-83; *Luckett*, 63 F.3d at 298.

**23.**

On June 11, 2018, counsel for plaintiffs submitted a global settlement demand to defendants in the amount of $1,000,000.00 policy. (**Exhibit F**, correspondence from Sean Regan dated June 11, 2018.) The settlement demand itemizes Anthony Hookfin's special damages to total $169,410.00, Smith's special damages to total $31,670.00, and Burds' special damages to total $26,704.10, for a total special damage amount of $227,784.10. The settlement demand also itemizes plaintiffs' combined general damages to total $1,000,000.00, for a total demand of **$1,227,784.10**. Separate settlement demands on behalf of Burds and Smith were provided on October 10, 2018. Burds' settlement demand totaled **$650,000.00** and Smith's settlement demand totaled **$450,000.00**. Copies of the

settlement demands from Joshua Stein dated October 10, 2018 are attached hereto as **Exhibit G** (Burds) and **Exhibit H** (Smith).

**24.**

This Court has held that a pre-petition settlement demand letter is relevant evidence of the amount in controversy at the time of removal. See *Williams v. State Farm Mut. Auto. Ins. Co.*, No. Civ. A. 14-2420, 2015 WL 846549 (E.D. La. Feb. 25, 2015); *Creppel v. Fred's Stores of Tennessee, Inc.*, No. Civ. A. 13-734, 2013 WL 3490927 (E.D. La. July 10, 2013). Accordingly, plaintiffs' valuation of their damages clearly exceeds the jurisdiction threshold set by 28 U.S.C. § 1332.

**25.**

Based upon the amount claimed by plaintiffs in their settlement demand, the amount in controversy in this matter clearly exceeds $75,000.00, exclusive of interest and costs.

**26.**

Considering the above, this Notice of Removal is timely filed; complete diversity exists between plaintiffs and defendants; the amount in controversy for the claims presented by plaintiffs exceeds $75,000.00, exclusive of interest and costs; and this Honorable Court has jurisdiction over this civil action in accordance with 28 U.S.C. §§ 1332(a) and 1441(a).

**WHEREFORE**, defendants, Javier Flores, Javier Flores Transportation, LLC, and Southern County Mutual Insurance Company, hereby remove this matter to this Honorable Court and request that jurisdiction be assumed over all the claims asserted herein and that this civil action be maintained in the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

**LARZELERE PICOU WELLS**
    **SIMPSON LONERO, LLC**
3850 N. Causeway Boulevard
Suite 500 – Two Lakeway Center
Metairie, Louisiana 70002
Telephone: (504) 834-6500
Facsimile: (504) 834-6565
E-mail: mwells@lpwsl.com
       egodofsky@lpwsl.com

**BY:**      *_/s/ Evan J. Godofsky_*
**MORGAN J. WELLS, JR. (#18499)**
**EVAN J. GODOFSKY (#32471)**

**ATTORNEYS FOR DEFENDANTS,
JAVIER FLORES, JAVIER FLORES
TRANSPORTATION, LLC, AND
SOUTHERN COUNTY MUTUAL
INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of February, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service. I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing same by United States Mail, properly addressed and postage prepaid.

*/s/ Evan J. Godofsky*